UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MONICA MESA,

Plaintiffs,

-against-

CRYSTAL BUILDING MAINTENANCE INC., CRYSTAL BUILDING MANAGEMENT LLC, and ELI LISANDRO, individually,

Defendants.
----------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
10/30/2026 12:06 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
26-cv-03551 (JMA) (ST)

**AZRACK, United States District Judge:**

Before the Court Plaintiff Monica Mesa's motion for a default judgment against Defendants Crystal Building Maintenance Inc., Crystal Building Management LLC, and Eli Lisandro (together, "Defendants"). (ECF No. 13.) Plaintiff allege that Defendants failed to: (1) pay her overtime ages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; (2) pay her overtime and regular wages, in violation of the New York Labor Law ("NYLL") §§ 190 et seq., 650 et seq., and supporting regulations; (3) provide her with wage notices and statements as required by NYLL §§ 195(1) and 195(3), respectively; and (4) keep accurate records as required by NYLL §§ 195(4), 661, and supporting regulations. (ECF No. 1.)[1] For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED.

## I. DISCUSSION

### A. Defendants Defaulted

The record reflects that all Defendants were properly served in this action but have not answered, appeared, or responded to the instant motion for default judgment. (See ECF Nos. 8, 9,

[1] Plaintiff's Complaint also asserted a spread-of-hours claim under the NYLL, but the instant motion withdraws that claim. (See ECF No. 13 at 18.)

10.) Defendants have not presented any defense to this action, let alone a meritorious defense. Accordingly, the Court finds all three Defendants to be in default.

**B. Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law. Id. Here, those requirements are met for Plaintiffs' claims regarding overtime wages, regular wages, and wage statements, wage notices, and accurate record keeping.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. The Court further finds that the Complaint's allegations constitute violations of the overtime provisions of the FLSA as well as the overtime compensation and regular wages provisions of the NYLL. Finally, the Court finds that the Complaint's allegations constitute violations of the NYLL's wage statement, wage notice, and recordkeeping provisions and that, considering the facts in Plaintiff's sworn declaration, (ECF No. 13-3), Plaintiff has standing to pursue those claims. Cf., e.g., Gutierrez Leiva v. Los Amigos Deli Bodega Hispana Corp., No. 2:24-CV-05222, 2025 WL 3563321, at *4 (E.D.N.Y. Dec. 12, 2025).

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec.,

Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff's declaration establishes to a reasonable certainty that Plaintiff is owed $38,206.08 in overtime wages, $2,800.00 in regular wages, $41,006.08 in liquidated damages, $10,000.00 for violations of NYLL §§ 195(1) and 195(3), $12,354.42 in pre-judgment interest, and $485 in costs, for a total damages award of $104,851.58.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants are jointly and severally liable to Plaintiff in the amount of $104,851.58. The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

As is required of any court issuing an "order awarding [NYLL] remedies," the Court makes clear that, under NYLL § 198, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL §§ 198(4), 663(4); see Martinez v. Dannys Athens Diner Inc., No. 16-cv-7468, 2017 WL 6335908, at *6 (S.D.N.Y. Dec. 5, 2017).

The Clerk of the Court is directed to enter judgment accordingly and close this case. Plaintiff is directed to mail a copy of this Order and the judgment to Defendants and to promptly file proof of service on ECF.

**SO ORDERED.**

Dated: October 30, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE